IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| R. MICHAEL ANDERSON et al.,<br><br>　　　　　　Plaintiffs,<br>v.<br>MARC S. JENSON et al.,<br><br>　　　　　　Defendants. | ORDER<br><br>Case No. 2:05CV720 DAK |

　　　　This matter is before the court on the court's own motion to dismiss this action for failure to prosecute and for failure to comply with the court's orders, and also on Plaintiffs' Motion for Extension of Time to File Scheduling Order, Defendants Marc S. Jenson and Wilshire Investments' Motion to Dismiss, Defendant David G. Turcotte's Motion to Dismiss, Plaintiffs' Motion to Amend Complaint, and Plaintiffs' Motion for Extension of Time to Respond to the Motions to Dismiss.

　　　　The history of the lack of prosecution in this case is set forth in the court's previous Order dated August 21, 2008. In that Order, the court stated, among other things:

> This case was filed almost three years ago, and very little has been done to prosecute it. At this late juncture, the court will not permit any amendment of the pleadings, and thus, it would be futile for Plaintiffs to file a motion for leave to amend. At this point, Plaintiffs are directed to diligently prosecute this case, and, to that end, Plaintiffs are directed to file a proposed Scheduling Order by no later than September 3, 2008, after communicating with all Defendants and attempting to stipulate to the proposed Scheduling Order. If a Stipulated Proposed Scheduling Order is not possible, Defendants are directed to file their own proposed Scheduling Order by no later than September 5, 2008. Plaintiffs are

      admonished that failure to comply with the September 3, 2008 deadline will result
      in dismissal of this case.

Order Dated August 21, 2008, Docket # 47.

      On September 3, 2008, instead of receiving a Stipulated Scheduling Order, the court received a Motion for Extension of Time, filed by Plaintiffs. In that motion, Plaintiffs state that "Plaintiffs' counsel has spoken to counsel for Marc S. Jenson today who has advised that he cannot confer with Counsel for the Plaintiffs until September 4, 2008. Plaintiffs' counsel has today left a telephone message with David Turcotte requesting that he stipulate to the proposed scheduling order and has also emailed the proposed discovery plan to him." *See* Docket # 48. Plaintiff's counsel, however, had not even attempted to contact Defendants' attorneys until the night of September 3, 2008.

      Specifically, Plaintiffs' counsel emailed Mr. Turcotte at 11:19 p.m. on September 3, 2008, indicating that "he will be available the remainder of the evening" to discuss the scheduling order issues. *See* Docket 49. Similarly, Plaintiff's counsel did not call Mr. James, counsel for Marc S. Jenson and Wilshire Investments (the "Wilshire Defendants"), until 9:00 p.m.– at counsel's home. He had left a message for Mr. James at his office– at 8:51 p.m. Thus, Plaintiff's counsel did not attempt to communicate with opposing counsel until well after business hours on the day of the Scheduling Order deadline.

      In response to the Motion for an Extension of Time, both sets of Defendants then filed Motions to Dismiss for failure to prosecute. *See* Docket ## 50 & 52. Rather than focusing on responding to those motions, Plaintiffs' counsel filed a Motion to Further Amend Their

Complaint, in direct contravention of the court's directive in its August 21, 2008 Order. Plaintiff's counsel later sought an extension of time to respond to the motions to dismiss.

After the court's admonishment to prosecute this matter in a timely and diligent matter or else risk dismissal, Plaintiffs' attorney has yet again flouted the court's Order. The record in this case reflects a complete lack of diligence on Plaintiffs' part. As the Tenth Circuit has articulated, "[a] trial court may, on motion of a defendant or on its own motion, dismiss an action for failure of the plaintiff to prosecute it with reasonable diligence." *SEC v. Power Resources Corp.,* 495 F.2d 297, 298 (10th Cir. 1974).

In this case, the facts support dismissal of Plaintiffs' claims. Since filing this lawsuit three years ago, Plaintiffs have done virtually nothing to prosecute their claims. The discovery deadline passed long ago without Plaintiffs having done any discovery. According to Defendants, Plaintiffs have never even provided Rule 26(a)(1) Initial Disclosures in this matter. Every deadline has come and gone, with Plaintiffs' response each time having been to request additional time, followed by a failure to act within the time constraints of the additional time requested and granted. This lapse of time without prosecuting the claims against Defendants has become unduly prejudicial to Defendants in the three years since this lawsuit was filed. Witnesses' memories have faded, evidence has become stale, and the ability of Defendants to accurately defend against Plaintiffs' claims has been compromised.

For these reasons, the reasons set forth in the court's Order of August 21, 2008, and the reasons set forth by the Wilshire Defendants in their Opposition Memorandum [Docket # 52], IT IS HEREBY ORDERED that Plaintiffs' Motion for Extension of Time to File Scheduling Order

[Docket # 48] is DENIED; Defendants Marc S. Jenson and Wilshire Investments' Motion to Dismiss [Docket # 50] is GRANTED, Defendant David G. Turcotte's Motion to Dismiss [Docket # 52] is GRANTED, Plaintiffs' Motion to Amend Complaint [docket # 53] is DENIED, and Plaintiffs' Motion for Extension of Time to Respond to the Motions to Dismiss [Docket # 58] is DENIED.   This action is DISMISSED with prejudice.

DATED this 29st day of September, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge